FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO
8/28/2026
JEFFREY P. COLWELL, CLERK

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. ______________________________
(To be supplied by the court)

The Estate of Matthew Shane Lively by Murisa Jackson
Personal Representative, Plaintiff

See Attached

v.

**Jury Trial requested:**
**(please check one)**
X **Yes** ___ **No**

Town of Fowler Colorado (a municipal entity),

Fowler Police Department,

Fowler Code Enforcement,

See Attached, Defendant(s).

(*List each named defendant on a separate line. If you cannot fit the names of all defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names of the defendants listed in the above caption must be identical to those contained in Section B. Do not include addresses here.*)

---

**COMPLAINT**

---

**NOTICE**

Federal Rule of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should not contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include only: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

**Plaintiff need not send exhibits, affidavits, grievances, witness statements, or any other materials to the Clerk's Office with this complaint.**

## A. PLAINTIFF INFORMATION

*You must notify the court of any changes to your address where case-related papers may be served by filing a notice of change of address. Failure to keep a current address on file with the court may result in dismissal of your case.*

The Estate of Matthew Shane Lively by Personal Representative Murisa Jackson
320 W. Santa Fe Ave Fowler Colorado 81039

(Name and complete mailing address)

(970) 573-8327 murisajackson652@gmail.com

(Telephone number and e-mail address)

## B. DEFENDANT(S) INFORMATION

*Please list the following information for each defendant listed in the caption of the complaint. If more space is needed, use extra paper to provide the information requested. The additional pages regarding defendants should be labeled "B. DEFENDANT(S) INFORMATION."*

Defendant 1: Town of Fowler, Colorado

(Name and complete mailing address)

(Telephone number and e-mail address if known)

Defendant 2: Fowler Town Administration

(Name and complete mailing address)

(Telephone number and e-mail address if known)

Defendant 3: Fowler Code Enforcement

(Name and complete mailing address)

(Telephone number and e-mail address if known)

Defendant 4: Fowler Police Department

(Name and complete mailing address)

(Telephone number and e-mail address if known)

## C. JURISDICTION

*Identify the statutory authority that allows the court to consider your claim(s): (check one)*

X Federal question pursuant to 28 U.S.C. § 1331 (claims arising under the Constitution, laws, or treaties of the United States)

List the specific federal statute, treaty, and/or provision(s) of the United States Constitution that are at issue in this case.

This action arises under 42 U.S.C. 1983 for violations of rights secured by the first and fourteenth amendments to the United States Constitution. Federal- question jurisdiction is invoked pursuant to 28 U.S.C. 1331

___ Diversity of citizenship pursuant to 28 U.S.C. § 1332 (a matter between individual or corporate citizens of different states and the amount in controversy exceeds $75,000)

Plaintiff is a citizen of the State of Colorado.

If Defendant 1 is an individual, Defendant 1 is a citizen of Colorado.

If Defendant 1 is a corporation,

Defendant 1 is incorporated under the laws of ______________________ (name of state or foreign nation).

Defendant 1 has its principal place of business in ______________________ (name of state or foreign nation).

(*If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.*)

**D. STATEMENT OF CLAIM(S)**

*State clearly and concisely every claim that you are asserting in this action. For each claim, specify the right that allegedly has been violated and state all facts that support your claim, including the date(s) on which the incident(s) occurred, the name(s) of the specific person(s) involved in each claim, and the specific facts that show how each person was involved in each claim. You do not need to cite specific legal cases to support your claim(s). If additional space is needed to describe any claim or to assert additional claims, use extra paper to continue that claim or to assert the additional claim(s). Please indicate that additional paper is attached and label the additional pages regarding the statement of claims as "D. STATEMENT OF CLAIMS."*

CLAIM ONE: ______________________________

Supporting facts:

See Attached Document

## E. REQUEST FOR RELIEF

*State the relief you are requesting or what you want the court to do. If additional space is needed to identify the relief you are requesting, use extra paper to request relief. Please indicate that additional paper is attached and label the additional pages regarding relief as "E. REQUEST FOR RELIEF."*

See Attached Document

## F. PLAINTIFF'S SIGNATURE

I declare under penalty of perjury that I am the plaintiff in this action, that I have read this complaint, and that the information in this complaint is true and correct. *See* 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Under Federal Rule of Civil Procedure 11, by signing below, I also certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending or modifying existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

[signature]
(Plaintiff's signature)

August 27, 2026
(Date)

(Revised February 2022)

| | |
|---|---|
| ☒District Court ☐Denver Probate Court<br>Otero County, Colorado<br>Court Address: 13 W. 3rd Street, Rm 207, La Junta, CO 81050 | |
| **In the Matter of the Estate of:**<br><br>**MATTHEW LIVELY a/k/a MATTHEW S. LIVELY a/k/a MATTHEW SHANE LIVELY**<br><br>**Deceased** | ▲ **COURT USE ONLY** ▲<br>Case Number: 2026PR22<br><br>Division P Courtroom |

## LETTERS OF ADMINISTRATION

**Murisa Jackson** was appointed or qualified by this court or its registrar on August 17, 2026 as:

☒Personal Representative; or
☐Successor Personal Representative.

The decedent died on **April 9, 2026**.

These Letters are proof of the Personal Representative's authority to act pursuant to § 15-12-701, et. seq., C.R.S.

☒The Personal Representative's authority is unrestricted; or
☐The Personal Representative's authority is restricted as follows:

________________________________________
________________________________________
________________________________________
________________________________________

Date: August 17, 2026

Caryl J Pearce
Probate Registrar/Clerk of Court

## CERTIFICATION

Certified to be a true copy of the original in my custody and to be in full force and effect as of August 17, 2026.

Caryl J Pearce
Probate Registrar/Clerk of Court

OTERO COUNTY COMBINED COURT SEAL 16th JUDICIAL DISTRICT STATE OF COLORADO

**Plaintiff:**

Murisa Jackson

**Defendants:**

1. Town of Fowler, Colorado
2. Fowler Town Administration
3. Fowler Code Enforcement Division
4. Fowler Police Department
5. Natasha Ortiz, Code Enforcement Officer
6. Cindy Karly, Treasurer, Town of Fowler
7. Carolynn Vigil-Goodrich, Town of Fowler
8. Colton Davis, Administrator, Town of Fowler
9. Kelly Lotrich, Administrator, Town of Fowler
10. Chief Shelefontiuk, Fowler law enforcement
11. Officer Peteque, Fowler Police Department
12. Deputy Jobe, Otero County Sheriff's Office
13. Unknown Otero County Sheriff's Deputy, involved in the August 29, 2024, agency assist

Additional Defendants may be identified through discovery.

**B. DEFENDANT(S) INFORMATION 1of 3**

Defendant 5:

Natasha Ortiz, Code Enforcement Officer

114 E. Cranston Ave Fowler, Co 81039

(Name and complete mailing address)

(719) 263-4461

(Telephone number and e-mail address if known)

Defendant 6:

Cindy Karly, Treasurer, Town of Fowler

114 E. Cranston Ave Fowler, Co 81039

(Name and complete mailing address)

(719) 263-4461

(Telephone number and e-mail address if known)

Defendant 7:

Carolynn Vigil-Goodrich, Town of Fowler

(Name and complete mailing address)

(719) 263-4461

(Telephone number and e-mail address if known)

Defendant 8:

Colton Davis, Administrator, Town of Fowler

114 E. Cranston Ave Fowler, Co 81039

(Name and complete mailing address)

(719) 263-4461

(Telephone number and e-mail address if known)

**B. DEFENDANT(S) INFORMATION 2of 3**

Defendant 9:

Kelly Lotrich, Administrator, Town of Fowler

114 E. Cranston Ave Fowler, Co 81039

(Name and complete mailing address)

(719) 263-4461

(Telephone number and e-mail address if known)

Defendant 10:

Chief Shelefontiuk, Fowler Police Department

114 E. Cranston Ave Fowler, Co 81039

(Name and complete mailing address)

(719) 263-4461

(Telephone number and e-mail address if known)

Defendant 11:

Officer Peteque, Fowler Police Department

114 E. Cranston Ave Fowler, Co 81039

(Name and complete mailing address)

(719) 263-4461

(Telephone number and e-mail address if known)

Defendant 12:

Deputy Jobe, Otero County Sheriff's Office

222 E. 2nd St La Junta Co 81050

(Name and complete mailing address)

(719)384-5941

(Telephone number and e-mail address if known)

**B. DEFENDANT(S) INFORMATION 3of 3**

Defendant 13:

Unknown Otero County Sheriff's Deputy, involved in August 29, 2024, agency assist

222 E. 2nd St La Junta Co 81050

(Name and complete mailing address)

(719)384-5941

(Telephone number and e-mail address if known)

Additional Defendants may be identified through discovery.

**D. STATEMENT OF CLAIM(S) pg. 1of 7**

CLAIM ONE: FIRST AMENDMENT RETALIATION

Constitutional Right Violated:
The First Amendment right to petition the government for redress of grievances.

Supporting Facts:

1. On August 29, 2024, Natasha Ortiz, acting as a Town of Fowler Code Enforcement Officer, issued a code-enforcement citation for a Chevrolet Suburban located at 202 4th Street, Fowler, Colorado, concerning expired vehicle registration. The citation was issued without first providing our household with a Notice of Correction or an opportunity to correct the alleged violation before enforcement action was taken.

2. On August 29, 2024, Matthew Lively and I, Murisa Jackson, went to the Town of Fowler offices to question, dispute, and seek resolution of the citation through the Town's administrative process. We were exercising our constitutional right to petition our local government and seek redress concerning a government enforcement action.

3. On August 29, 2024, while Matthew Lively and I were at the Town of Fowler office attempting to address and dispute the citation, a police report was made from the Town office stating that Matthew had made threats inside the office. I dispute the validity of that report. Matthew was there to address the citation and, based on what I witnessed, Matthew did not make the threats attributed to him in the report.

4. Matthew and I were not at the Town office to commit a crime. We were there to communicate with government officials, challenge a municipal enforcement action, and seek a lawful resolution. Our protected activity was directed to the government in its capacity as government and concerned the exercise of municipal authority over residents.

5. Natasha Ortiz, acting as a Town of Fowler Code Enforcement Officer, personally issued the code-enforcement citation on August 29, 2024. Kelly Lotrich, Cindy Karly, and Carolynn Vigil-Goodrich were Town personnel involved in or knowledgeable about the complaints and events surrounding the citation and our attempts to address it. Their positions and involvement placed them in a position to know that Matthew and I were attempting to resolve a municipal matter through the Town.

**D. STATEMENT OF CLAIM(S) pg. 2of 7**

6. Chief Shelefontiuk responded to the August 29, 2024, law-enforcement call, accompanied by an unknown deputy from the Otero County Sheriff's Office who provided agency assistance. Their response followed the police report made by the Town of Fowler office concerning the accusation that Matthew had made threats.

7. On March 27, 2025, Matthew Lively again went to the Town of Fowler office to address and attempt to resolve the same citation and related dispute through the Town's administrative process.

8. During Matthew's attempt to address the matter with the Town, personnel inside the Town of Fowler office again initiated a false police report against him. The second report was made while Matthew was at the Town office attempting to address and resolve the same municipal citation and dispute.

9. Officer Peteque responded to the March 27, 2025, incident. After reviewing the circumstances, Officer Peteque determined that the report was unfounded and tore up the ticket at the scene. This response is significant because it occurred immediately after Matthew's attempt to seek governmental redress concerning the citation and because the responding officer determined that the report did not support the enforcement action being taken against Matthew.

10. The March 27, 2025, incident occurred immediately in connection with Matthew's return to the Town office to address the same municipal dispute and seek resolution from the government.

11. The August 29, 2024, police report was made from the Town office during our attempt to dispute the citation and concerned an accusation that Matthew had made threats inside the office. March 27, 2025, report arose from Matthew's return to the Town office to address the same municipal dispute. Both incidents were directly connected in time and circumstances to our efforts to complain about, challenge, and seek resolution of the Town's enforcement action.

12. The repeated use of law enforcement against us during our attempts to communicate with Town officials constituted adverse governmental action and interfered with and chilled our exercise of the First Amendment right to petition the government for redress of grievances.

**D. STATEMENT OF CLAIM(S) pg. 3of 7**

13. The Town officials and law-enforcement personnel involved acted under color of state or local law through their governmental positions and authority.

14. The conduct caused fear, intimidation, emotional distress, and interference with our ability to freely communicate complaints and seek governmental redress. The repeated escalation from a municipal citation dispute to police involvement reasonably communicated that continued complaints or attempts to challenge the Town's actions could result in further governmental consequences.

15. The defendants' actions were not unrelated to our protected activity. August 29, 2024, report was made while we were disputing the citation at the Town office and accused Matthew of making threats that I dispute occurred. The March 27, 2025, report arose when Matthew returned to the same office to address the same dispute. The close timing, repeated police involvement, and connection between the reports and our efforts to seek governmental redress establish the factual basis for my claim that the governmental actions were retaliatory.

16. As a direct and proximate result of this conduct, I suffered constitutional injury and damages, including emotional distress, fear, intimidation, and interference with my exercise of First Amendment rights. I seek relief under 42 U.S.C. § 1983 for the violation of my First Amendment right to petition the government for redress of grievances, together with all relief authorized by law.

17. I further allege that the Town of Fowler's conduct, including the conduct of its officials acting within their governmental roles, forms part of the factual basis for municipal liability to the extent discovery establishes that the challenged actions were taken pursuant to an official policy, custom, practice, or decision by an authorized municipal policymaker.

CLAIM TWO: FOURTEENTH AMENDMENT — EQUAL PROTECTION / SELECTIVE ENFORCEMENT

Constitutional Right Violated:
The Fourteenth Amendment right to equal protection of the laws.

Supporting Facts:

1. The Town of Fowler maintained a practice of giving residents notice of alleged code violations and an opportunity to correct certain violations before issuing citations.

**D. STATEMENT OF CLAIM(S) pg. 4of 7**

2. On August 29, 2024, the Town issued a citation concerning the Chevrolet Suburban at 202 4th Street for expired registration without first providing our household with a Notice of Correction or an opportunity to correct the alleged violation before the citation was issued. I contend that similarly situated residents were provided notice or an opportunity to correct comparable violations before enforcement.

3. On August 29, 2024, photographs documented multiple other vehicles on the same block with expired registration tags. Those vehicles were subsequently moved, and the Town's treatment of those vehicles was different from the treatment of our household.

4. The difference in treatment was not based on a difference in the condition being enforced. The same type of registration violation existed on other vehicles in the same area.

5. Natasha Ortiz personally issued the code-enforcement citation concerning our vehicle on August 29, 2024. Kelly Lotrich, Cindy Karly, Carolynn Vigil-Goodrich, and were Town personnel identified as having involvement in or knowledge of the complaints and enforcement matter.

6. Instead of receiving the same notice and opportunity to cure afforded to similarly situated residents, our household received enforcement action and was then subjected to police involvement when we attempted to challenge and resolve the citation.

7. The disparate treatment continued when Matthew Lively returned to the Town office on March 27, 2025, to address the citation and again became the subject of a police report generated from the Town office.

8. The Town's selective treatment subjected us to a citation, repeated governmental escalation, and police involvement while similarly situated residents were treated differently with respect to the same type of code violation.

9. I believe that unequal enforcement was intentional or undertaken with discriminatory/selective purpose rather than being the result of a neutral application of the Town's ordinary enforcement procedures.

**D. STATEMENT OF CLAIM(S) pg. 5of 7**

10. As a direct result, I suffered unequal treatment by a governmental entity, emotional distress, fear, intimidation, financial and administrative burden, and interference with my ability to exercise rights available to similarly situated residents.

CLAIM THREE: FOURTEENTH AMENDMENT — PROCEDURAL DUE PROCESS

Constitutional Right Violated:
The Fourteenth Amendment right not to be deprived of protected liberty or property interests without due process of law.

Supporting Facts:

1. The Town of Fowler exercised governmental authority over our property by issuing a code-enforcement citation concerning the Chevrolet Suburban at 202 4th Street on August 29, 2024.
2. The Town had an established practice of providing residents with a Notice of Correction and an opportunity to cure certain code violations before imposing enforcement consequences.
3. Before issuing August 29, 2024, code enforcement citation, the Town did not provide our household with a Notice of Correction or an opportunity to correct the alleged violation.
4. The Town's failure to provide the notice and opportunity to cure deprived us of the procedure the Town ordinarily used to allow residents to contest or correct an alleged violation before enforcement escalated.
5. When Matthew Lively and I attempted to obtain an explanation, challenge the citation, and seek administrative resolution at the Town office, personnel did not provide a meaningful opportunity to resolve the matter through the ordinary process. Instead, a police report was generated from the Town office.
6. On March 27, 2025, Matthew returned to the Town office to address the citation and seek resolution. Instead of receiving a meaningful administrative process, another police report was generated from the Town office concerning his attempt to address the matter.
7. Officer Peteque responded to the March 27, 2025, incident, reviewed the circumstances, determined that the report was unfounded, and tore up the ticket at the scene.

**D. STATEMENT OF CLAIM(S) pg. 6of 7**

8. The Town's actions deprived us of a meaningful and consistent opportunity to contest the governmental enforcement action before it was escalated through law enforcement.
9. The person responsible for the code-enforcement and administrative actions acted under color of state or local law.
10. As a direct result, I suffered loss of procedural protection, emotional distress, fear, intimidation, and financial and administrative burdens.

CLAIM FIVE: MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983

Constitutional Rights at Issue:
The First Amendment right to petition the government and the Fourteenth Amendment rights to equal protection and due process, together with any additional constitutional violation established by the evidence.

Supporting Facts:

1. The Town of Fowler, through its officials and employees, exercised governmental authority in the code-enforcement matter involving our household.
2. The Town maintained enforcement practices concerning Notices of Correction and opportunities to cure alleged code violations.
3. The Town's personnel handled our complaints and attempts to challenge the citation through the Town's administrative offices.
4. On August 29, 2024, personnel inside the Town office generated a police report while Matthew and I were attempting to address the citation.
5. On March 27, 2025, personnel inside the Town office again generated a police report while Matthew was attempting to address the same municipal dispute.
6. These events demonstrate repeated conduct occurring through the Town's governmental offices rather than a single unrelated encounter.
7. The Town had authority to establish, supervise, train, and control the conduct of its code-enforcement and administrative personnel.

**D. STATEMENT OF CLAIM(S) pg. 7of 7**

8. The repeated conduct described above supports the need for discovery concerning the Town's policies, customs, practices, training, supervision, enforcement procedures, complaint procedures, and decisions by officials with final municipal authority.

9. I allege that the constitutional violations described in Claims One through Three were caused, in whole or in part, by a Town policy, custom, practice, failure to train or supervise, or decision by an official possessing final policymaking authority, to the extent established through evidence and discovery.

10. The Town is therefore liable under 42 U.S.C. § 1983 to the extent the evidence establishes that a municipal policy, custom, practice, failure to train or supervise, or final policymaker decision was the moving force behind the constitutional violations.

**E. REQUEST FOR RELIEF pg. 1of2**

**Plaintiffs respectfully request that this Court enter judgment in their favor and against the Defendants found liable and grant all relief authorized by law, including:**

1. **A declaration and judgment that the Defendants found liable, acting under color of state law, violated rights secured by the Constitution and laws of the United States;**

2. **Full compensatory damages in an amount to be proven at trial and determined by the jury, for all legally recoverable injuries and losses proximately caused by Defendants' unconstitutional conduct, including emotional distress, mental anguish, humiliation, reputational harm, financial loss, and interference with constitutionally protected rights;**

3. **Nominal damages for each proven violation of constitutional rights where appropriate under law;**

4. **Punitive damages against individual Defendants in their individual capacities, where permitted by law and supported by the evidence, including where conduct was malicious, wanton, oppressive, intentionally violative of federal rights, or demonstrated reckless or callous indifference to federally protected rights;**

5. **Declaratory relief declaring that any policy, custom, practice, decision by a final policymaker, ratification, failure to train or supervise, retaliatory action, selective enforcement, or other unconstitutional conduct proven in this action violated Plaintiffs' federally protected rights;**

6. **Appropriate injunctive and equitable relief, where legally available and supported by the evidence, requiring responsible Defendants to cease ongoing unconstitutional retaliation, selective enforcement, abuse of governmental authority, or other unlawful conduct;**

7. **Appropriate prospective relief, where legally available, requiring correction of governmental policies, customs, practices, training, supervision, or procedures proven to have caused or contributed to constitutional violations;**

8. **An award of taxable costs and other recoverable litigation expenses as permitted by law;**

9. **Prejudgment and post-judgment interest as allowed by law;**

**E. REQUEST FOR RELIEF pg. 2of 2**

10. **Such other and further legal or equitable relief as this Court determines is just, proper, and necessary to fully redress the constitutional violations and injuries proven in this action.**

**Plaintiffs demand a trial by jury on all issues so triable.**

**Plaintiffs reserve the right to amend or supplement the requested relief as additional facts, evidence, damages, or responsible parties are identified through discovery and further proceedings.**